# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SATYAM COMPUTER SERVICES, LTD.,

    Petitioner,

v.                                          Case No. 06-CV-50351-DT

VENTURE GLOBAL ENGINEERING, LLC,

    Respondent.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT VGE'S MOTION FOR STAY PENDING APPEAL

Pending before the court is Respondent Venture Global Engineering, LLC's ("VGE's") "Motion for Stay Pending Appeal" filed pursuant to Federal Rule of Civil Procedure 62. For the reasons stated below, the court will grant and deny in part Respondent's motion.

## I. BACKGROUND

The present dispute arose from an Arbitration Award ("Award") issued by the London Court of International Arbitration ("LCIA"), which issued the following directives:

(A) VGE is required to deliver its share certificates in SVES to Satyam Computer Services, Ltd. ("Satayam");

(B) Satyam is required to pay VGE $622,656 concurrently with the transfer of shares;

(C) VGE is required to pay Satyam £ 48,777.48 in arbitration costs;

(D) VGE is required to pay Satyam $1,488,454.11 in additional costs;

  (E) VGE is required to pay 5 percent interest (compounded annually) on sections

    C and D until paid; and

  (F) Satyam is released from its non-compete agreement.

(*See* Resp't's Reply Ex. 5 at 24.)

  On April 14, 2006, Satayam initiated this action by filing a "Petition to Recognize and Enforce a Final, Binding Foreign Arbitration Award," and on April 28, 2006, VGE filed a "Cross-Petition to Refuse and Deny Recognition and Enforcement of Award Dated April 3, 2006 or Stay Enforcement." On August 1, 2006 the court entered a judgment recognizing and enforcing the Award in its entirety. (*See* 08/01/06 Judgment [Dkt. #30].) On the same day VGE filed its "Notice of Appeal."

  VGE now seeks to stay the court's judgment pending appeal under an irrevocable letter of credit ("LOC") in the amount of $1,194,460.11 pursuant to Federal Rule of Civil Procedure 62. (Resp't's Mot. Br. at 2.) Rule 62(d) governs whether an appellant is able to obtain a stay pending appeal. It provides that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of the filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(d). "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.* 345 F.3d 390 (6th Cir. 2003) (internal citations omitted). Since VGE is willing to post "a bond or its equivalent in the amount of $1,194,460.11," (Resp't's Mot. Br. at 3), VGE claims it is "entitled to a stay of the Final Judgment as a matter of right to pursue its appeal to the Sixth Circuit Court of Appeals." (*Id.*)

In its response, Satyam argues that Sections A and B of the Award do not qualify as a "money judgment," as contemplated by Rule 62(d), but are better characterized as specific performance or an "'injunctive' type remedy." (Pet'r's Resp. at 4.) Therefore, Satyam contends that Federal Rule of Civil Procedure 62(c) governs, and that the court's discretion required under that provision should be exercised to deny the relief. (*Id.*) Rule 62(c) provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court *in its discretion* may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Fed. R. Civ. P. 62(c) (emphasis added). Therefore, Satyam asserts that VGE has no right to a stay of the non-monetary portions of the Award. (Pet'r's Resp. at 5.)

Secondly, Satyam maintains that since VGE has not contested its obligations under Sections C and F of the Award, the court should exempt these sections from any stay the court is inclined to grant. (*Id.* at 12.) Finally, Satyam requests that the court require VGE to satisfy the requirements for an acceptable supersedeas bond before granting a stay for the contested monetary portion of the Award. (*Id.* at 13.) Satyam asserts that VGE's proposed LOC of credit is deficient under applicable Michigan law in both form and amount. (*Id.* at 14-17.)

In its reply,[1] VGE recognizes that Sections A and B of the Award constitute specific performance. (Resp't's Reply at 5.) VGE argues, however, that this fact alone

---

[1] The court notes that VGE's reply [Dkt. # 40] is seventeen pages long, which is twelve pages longer than permitted. *See* E.D. Mich. LR 7.1(c)(3)(B). The court cautions VGE to familiarize itself with and follow all local rules.

does not invoke Rule 62(c) which applies only in cases involving "typical injunctive analysis." (*Id.* at 2.) Alternatively, VGE argues that if Rule 62(c) applies, the traditional four-factor test is ill-suited for the instant case.[2] (*Id.* at 5.) VGE proposes the court analyze Rule 62(c) according to the rule's underlying logic and grant the stay because Satyam would not thereby be deprived of the benefit of the Award. (*Id.* at 6.) VGE contends that even under the traditional four-factor analysis, it should prevail because, absent the stay, VGE would suffer "substantial irreparable harm" and therefore only needs to "demonstrate 'serious legal questions' to obtain a stay pending appeal . . . ." (*Id.* at 7.) In this case, VGE asserts that "a serious legal question exists as to whether international comity and the public policy of the United States requires" this court to grant the stay. (*Id.* at 13.)

## II.  DISCUSSION

### A.  Sections A and B of the Award

In the instant case, the Award granting Satyam the right to purchase stock from VGE for book value, per their prior agreement, constitutes the equitable remedy of specific performance. *See Moore v. Carney*, 269 N.W.2d 614, 617 (Mich. Ct. App. 1978) (labeling judgement ordering corporation to purchase minority shareholder's stock an

---

[2] In determining whether to use its discretion to grant a stay, courts consider the following four factors :
    1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
    2) Whether the plaintiffs have shown irreparable injury;
    3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
    4) Whether the public interest would be served by issuing a preliminary injunction.
*Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

equitable remedy and not a money judgment).  VGE acknowledges that this portion of the Award constitutes specific performance.  (Resp't's Reply at 5.)  However, despite VGE's assertions to the contrary, specific performance is a typical form of injunctive relief.[3]  *See W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber*, 461 U.S. 757, 769 (1983) (referring to specific performance as a "type of injunctive relief"); *Agric. Chem. Co. v. Dow Chem. Co.*, 274 F.2d 411, 413 (6th Cir. 1960) (referring to the equitable relief of specific performance).  Therefore, the court's decision to grant VGE's motion for a stay is discretionary, and governed by Rule 62(c).

In determining whether to use its discretion to grant a stay, a court should consider :

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977); *see also Summit County Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547 (6th Cir. 2004).  As the Sixth Circuit explained, "[i]n applying this test, we balance the factors.  The [movant] must demonstrate a likelihood of success on the merits to a degree inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue."  *Family Trust Foundation of Kentucky, Inc. v. Kentucky Judicial Conduct Comm'n*, 388 F.3d 224, 227 (6th Cir. 2004).  However, "even if a movant

---

[3] Indeed, VGE cites no authority in support of its argument that specific performance is not a typical form of injunctive relief.  (*See* Resp't's Reply at 2.)

5

demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (internal citations omitted).

VGE recognizes the *Mason County* test is typically utilized by courts in determining whether to grant a stay in cases involving injunctive relief. (Resp't's Reply at 4.) VGE argues, however, that cases applying the test "virtually always involve[] an appeal from an order that involved a consideration of the four factors themselves." (*Id.* at 4-5.) This argument is not convincing. The Sixth Circuit has stated that "the factors to be considered are the same for both a preliminary injunction and a stay pending appeal," and made no distinction between staying cases involving preliminary injunctions and cases involving other forms of injunctive relief. *Griepentrog*, 945 F.2d at 153. Furthermore, the Supreme Court has clearly stated that the *Mason County* factors are to be applied to decide motions to stay pending appeal by both district courts and courts of appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### 1. Likelihood of Success on Appeal

VGE submits two bases on which it claims it presents serious legal questions for appeal. First, because the LCIA Award allegedly contravenes Indian law, VGE claims this raises serious legal questions as to whether a court should refuse to recognize the Award, transfer the enforcement proceeding to the more appropriate venue of India, or stay the court's judgment while the Indian proceedings are pending. (Resp't's Reply at 13-14.)

However, in its July 13, 2006 Order, the court found against VGE's comity argument on numerous grounds. First, "VGE failed to identify an explicit public policy that the court's enforcement of the Award would violate." (7/13/06 Order at 11.) Second, "even if the transfer at book value would be 'illegal' in the absence of prior permission from RBI, RBI's approval renders moot VGE's argument that the transfer would violate Indian law." (*Id.*) Third, after examining the standard for *forum non conveniens*, the court provided an in-depth analysis of the *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947) factors, finding VGE failed to meet its burden on each factor. (*Id.* at 11-15.) VGE has failed to present the court with any persuasive or binding authority which would call into "serious question" the court's holdings.

VGE also points to an Indian court injunction, purportedly still in effect, and argues this presents a "serious legal question" whether comity requires the court to refuse to enforce the Award or stay enforcement of its judgment out of respect for India's conflicting judgment. (Resp't's Reply at 14.) As evidence of this conflict, VGE has submitted a June 15, 2006 injunction by an Indian court. (*Id.* Ex. 4 at 1.) VGE further claims, without supplying supporting documentation, that this injunction has been extended to September 1, 2006. (Resp't's Mot. Br. 3rd Supplement.)

Conversely, Satayam alleges the Indian court's injunction has been suspended by a higher court and is no longer in effect. (Pet'r's Resp. to 3rd Supplement at 1.) Satyam claims VGE's updates are misleading, as the Indian Court has not "affirmatively extended any injunction," but rather "adjourn[ed] the hearing on VGE's Complaint until that date." (Pet'r's Resp. to 2nd Supplement at 1.) The court notes that neither party has provided copies of the Indian court's extension/adjournment or affidavits attesting to

7

their contents. However, the burden is on VGE, as the movant, to provide the court with "specific facts and affidavits supporting assertions that these factors exist." *Griepentrog*, 945 F.2d at 154 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). Without this documentation, the court cannot "adequately consider" these factors. *Id.*

Furthermore, while VGE insists on the necessity of recognizing India's alleged injunction under the doctrine of comity, the court notes that the only reason there may be two inconsistent court orders is due to VGE's own actions. VGE filed suit in an Indian court to prevent enforcement of the Award *after* Satyam filed its motion with the court seeking to enforce the Award. (*See* Resp't's Reply Ex. 3 at 1.) Additionally, VGE appears to be perpetuating this problem. Satyam claims VGE has repeatedly delayed Satyam's appeal of the Indian court injunction. (Pet'r's Resp. to 2nd Supplement at 1.) Specifically, Satyam alleges "VGE's lead counsel did not show up for Tuesday's hearing in India and a separate attorney sought a fifth adjournment, asking for another week." (Pet'r's Resp. to 3rd Supplement at 1.) Satyam's appeal of the Indian court's injunction could resolve the issue of comity entirely if Satyam is successful. The court is not convinced that VGE can use its self-imposed problem, by itself, to adequately show a serious legal question of comity.[4]

### 2. Irreparable Injury

VGE's primary basis for its alleged irreparable injury is due to the allegedly conflicting court decisions: VGE claims an Indian court has extended an injunction

---

[4] VGE also attempts to use the allegedly conflicting court decisions as part of its basis for irreparable injury and public policy. These attempts fail for the same reasons.

8

prohibiting the transfer of stock to Stayam, and if this court does not stay its judgment, VGE will be subject to two inconsistent court orders. (See Resp't's Reply at 9 and Ex. 4; Resp't's Mot. Br. 1st Supplement; Resp't's Mot. Br. 2nd Supplement; Resp't's Mot. Br. 3rd Supplement.) As the court discussed above, this argument is unconvincing.

VGE further argues that if it is forced to sell its SVES shares to Satyam, Satyam will be free to take control and make business decisions and changes to the board that cannot be undone if VGE prevails on appeal. (Resp't's Reply at 9-10.) VGE's point is well taken. Although Satyam argues its only interest is in SVES's success, and therefore Satyam's potentially temporary control of SVES could not significantly harm VGE, VGE has a legitimate stake in having a say in SVES's business decisions. Therefore, VGE has shown it will suffer irreparable injury if the stay is denied.

### 3. Substantial Harm to Others

As Satyam details in its response, Satyam will be substantially harmed if it is not allowed to receive VGE's shares and gain control of the company immediately. (*See* Pet'r's Resp. at 9 and Ex. 1.) First, with only 50% control, Satyam cannot make numerous business decisions that could potentially lead to SVES's significant growth. (*Id.* at 8-10.) However, VGE has proffered evidence that Satyam has not even brought these desired decisions to the attention of the current board, and can therefore not be heard to complain that VGE's 50% control is preventing Satyam from taking those actions. (Resp't's Reply at 11 and Ex. 8.)

Second, Satyam argues that the uncertainty surrounding its ownership has hurt SVES's growth because customers are wary of doing business with SVES until this question is resolved. (Pet'r's Resp. at 10.) Additionally, this dispute is having

detrimental effects on SVE's management and employees, who are distracted and are considering leaving SVES if the company's future remains uncertain.  (Pet'r's Resp. Ex. 1 at 5.)  VGE contends that Satyam is unable to show injury because SVES has been in a deadlocked state for years.  (Resp't's Reply at 10-11.)  That, however, is precisely the problem.  Questions of control have long plagued SVES, harming its business relations with clients, potential clients, and employees, and hurting SVES's potential for growth.  (Pet'r's Resp. at 10.)

VGE further argues that Satyam's interest in preventing the stay is purely economic, and therefore not the proper subject for equitable relief.  (Resp't's Reply at 14.)  VGE cites *Giordano v. Markovitz*, 531 N.W.2d 815 (Mich. Ct. App. 1995) as authority to support its position.  However, *Giordano* is clearly distinguishable from this case.  In *Giordano*, the court found that money damages were sufficient, and denied the plaintiff's request for equitable relief.  *Giordano*, 531 N.W.2d at 817.  In this case, however, Satyam has already presented its case for equitable relief to the LCIA, which granted Satyam its requested relief.  (Resp't's Reply Ex. 5 at 24.)  The court has already reviewed and enforced the Award, and will not now revisit that determination.  Therefore, VGE has failed to show a stay would not substantially harm others.

### 4. Public Interest

Satyam points to the public interest in "enforcing final judgments," and "bringing expedient finality to international commercial disputes."  (Pet'r's Resp. at 11.)  VGE expresses doubts regarding the impact this case will have on international disputes.  (Resp't's Reply at 12).  Additionally, VGE points to the public interest in comity to support

its stay. (*Id.* at 13.) The court is not convinced that this factor weighs heavily in either direction.

### 5. Balancing Factors

Although VGE has shown it will suffer irreparable injury if the stay is not granted, Satyam will be substantially harmed if the stay is granted. Furthermore, irreparable injury, no matter how severe, is insufficient in itself; "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153 (citing *Mason County*, 563 F.2d at 261 n.4). As the court explained above, it is not persuaded of the existence of a prior, actual, continuing, valid foreign judgment contradicting the judgment of this court, which would require the court to consider whether the principles of comity would make a stay of this court's judgment advisable. Accordingly, VGE cannot show serious questions going to the merits. Therefore, the court will deny Respondent's motion for stay pending appeal on Sections A and B, require the parties to make the exchange outlined in those sections, and prohibit Satyam from transferring the SVES shares it receives from VGE to any third party prior to the completion of VGE's appeal.

### B. Section F of the Award

In its response, Stayam requests the court "declare that it is not staying" the Award as to Section F, releasing Stayam from its obligations under the Non-Compete Agreement. (Pet'r's Resp. at 12.) Although VGE requested a stay of the "July 31, 2006 Final Judgment," it did not explicitly request a stay of Section F. (*See Id.*) Since Section F is not a monetary award, VGE has no right to stay this portion of the Award pending appeal under Federal Rule of Civil Procedure 62(d). *See* Fed. R. Civ. P. 62. Therefore,

it is VGE's burden to show that the court should use its discretion to grant the stay. *See Griepentrog*, 945 F.2d at 153. In its reply, VGE only mentions Section F in a footnote, stating VGE "challenged enforceability of the Award as a whole in this case. Thus, all aspects of the Award should be stayed pending appeal, including payment of expenses and release of Satyam from the non-compete provision." (Resp't's Reply at 12 n.9.) This reiteration of VGE's general motion to stay is insufficient to meet VGE's burden on non-monetary portions of the Award. Accordingly, the court excludes Section F, releasing Satyam from its Non-Compete Agreement, from any stay pending appeal.

### C. Sections C, D and E of the Award

Section C of the Award requires VGE to pay Satyam £ 48,777.48 in arbitration costs, Section D requires VGE to pay Satyam $1,488,454.11 in additional costs, and Section E requires payment of 5 percent interest on Sections C and D. (Resp't's Reply Ex. 5 at 24.) These sections of the Award "adjudge[] the payment of a sum of money, as distinguished from directing an act to be done," and therefore constitute money judgments. *$176,598.00 United States Currency*, 618 N.W.2d at 925.

Satyam admits that this portion of the award is solely monetary, and can be stayed with an appropriate supersedeas bond. (*See* Pet'r's Resp. at 13.) Satyam does contend that VGE failed to explicitly reference Section C in its motion to stay. (Pet'r's Resp. at 12.) Although VGE does not explicitly request a stay for Section C, VGE's motion requested the court to stay its judgment in its entirely, and VGE also included in its calculations a proposed USD equivalent of Section C in its LOC. (Resp't's Mot. Br. at 3 n.2.) Additionally, VGE briefly expressed its desire to stay Section C in its reply. (Resp't's Reply at 12 n.9.) Therefore, VGE has sufficiently raised the issue.

Satyam next contends VGE's proposed LOC is inadequate to stay this portion of the Award. (*Id.*) Satyam submits the proposed LOC is deficient for three reasons. First, "it is not redeemable by Satyam at the conclusion of the appeal for which it is posted." (*Id.* at 14.) Satyam points to language in the LOC stating it is not immediately payable after VGE's appeal to Sixth Circuit is denied or dismissed if VGE files an appeal with the Supreme Court. (Pet'r's Resp. at 14.) Additionally, the LOC provides for a waiting period of fourteen days after the appeal is denied or dismissed before Satyam would have access to the funds. (*Id.* at 15.) Instead, Satyam proposes a one-day waiting period. (*Id.*)

Secondly, Satyam alleges the proposed LOC is deficient because "the identity of the financial institution issuing the LOC is not disclosed." (*Id.* at 14.) Satyam points out that under Michigan law, a supersedeas bond must be backed by a surety that has affirmed it owns net assets with a market value that is twice as great as the bond. Mich. Pleading & Practice § 55.130.

Finally, Satyam contends "the amount of the proposed Letter of Credit bond does not meet the requirements for an acceptable stay bond." (*Id.*) The amount VGE proposes reduces VGE's obligation to pay Satyam's costs under Sections C and D by Satyam's obligation to pay Satyam for the book value of the shares under Section B. (Resp't's Mot. Br. at 3 n.2.) Satyam argues it is inappropriate to offset the amounts since they are separate obligations and Satyam is required to pay VGE the book value of the stock when VGE transfers the stock to Satyam. (Pet'r's Resp. at 17.)

VGE's only response to these objections is a footnote which states as follows: "Satyam's objections to the form of the Letter of Credit proposed by Venture Global are

13

misplaced. The form was submitted as a template, which will be formalized and executed promptly upon this Court's decision of whether a bond is appropriate." (Resp't's Reply at 16 n.14.) The court takes VGE's response as an acknowledgment of the validity of Satyam's current concerns, and of VGE's responsibility to ensure the formalized and promptly executed irrevocable letter of credit will fully address the above concerns.

Accordingly, the court will grant Respondent's motion for stay pending appeal on Sections C, D, and E of the Award, provided that VGE provides an irrevocable letter of credit or supersedeas bond payable to Satyam one day after the Sixth Circuit denies or dismisses its appeal, backed by an appropriate financial institution, for $1,976,417.19, the full amount owed under Sections C[5] and D of the Award, plus VGE's own multiplier of 1.25, without offset for Satyam's obligation under Section B.

### III. CONCLUSION

IT IS ORDERED that Respondent's motion for stay pending appeal [Dkt. # 33 and 34] is GRANTED IN PART and DENIED IN PART. Specifically, IT IS GRANTED in that a stay will be issued with respect to Sections C, D, and E of the Award, and DENIED in that a stay will not issue with respect to Sections A, B, and F of the Award.

IT IS FURTHER ORDERED THAT Respondent shall file a supersedeas bond or irrevocable letter of credit in the amount of $1,976,417.19 in the form outlined above not

---

[5] The parties have not agreed to an exchange rate to convert the Section C award into USD. The court used an exchange rate of 1.9 USD to 1 GBP, which is the highest current exchange rate. This rate, plus the 1.25 multiplier, should adequately protect Satyam, and there is no need to add Satyam's proposed risk factor. (Pet'r's Resp. at 18-19.)

later than 14 days from the date of entry of this Order.  The parties shall perform their obligations under Sections A and B not later than 14 days from the date of entry of this Order, and Petitioner is free of its obligations under the Non-Compete Agreement from the date of entry of this Order.

                                          s/Robert H. Cleland  
                                          ROBERT H. CLELAND  
                                          UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2006, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner  
                                          Case Manager and Deputy Clerk  
                                          (313) 234-5522