**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SATYAM COMPUTER SERVICES, LTD.,

        Petitioner,

v.                                             Case No. 06-CV-50351-DT

VENTURE GLOBAL ENGINEERING, LLC,

        Respondent.
                                                    /

**OPINION AND ORDER APPOINTING SPECIAL MASTER, DENYING
RESPONDENT'S OBJECTIONS, DENYING RESPONDENT'S
REQUEST FOR LEAVE TO FILE SUPPLEMENTAL BRIEF
AND SETTING TELEPHONE CONFERENCE**

On June 6, 2007, the court held a status conference with counsel in the above-captioned matter. During the conference, the parties discussed Petitioner Satyam Computer Services, Ltd.'s ("Satyam's") "Motion for an Order of Civil Contempt Against [Respondent] Venture Global Engineering, LLC [("VGE")]" The court proposed, and the parties agreed, to submit this motion to a special master with expertise in Indian law. On June 13, 2007, the court entered a notice to the parties regarding its intent to appoint Professor Vikramaditya S. Khanna as a special master, empowered to conduct a hearing on Satyam's motion and to submit a report and recommendation regarding his proposed outcome. On June 19, 2007, VGE filed objections to the court's proposed order and Satyam filed a response to VGE's objections on June 20, 2007. For the reasons stated below, the court finds these objections lack merit and that the appointment proposed in the court's June 13, 2007 order will serve the interests of the

court and the parties alike to see that this issue is resolved accurately and expeditiously. Accordingly, the court will appoint Professor Khanna as special master.

This appointment is made pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the court.[1] As Rule 53 requires, the court sets out below the duties and terms of the special master and reasons for appointment, and orders the special master to "proceed with all reasonable diligence," Rule 53(b)(2).

## I. BACKGROUND

The present dispute arose from an Arbitration Award, issued by the London Court of International Arbitration, whose directives included the following:

> A. I order VGE to deliver to Satyam share certificates in form suitable for immediate transfer to Satyam or its designee evidencing all of VGE's ownership interest (legal and/or beneficial in SVES. I further order it to do all that may otherwise be necessary to effect the transfer of such ownership to Satyam or its designee.
>
> B. Concurrently with the transfer of ownership described in Section 6.1A above, I order Satyam to pay VGE US$622,656, such sum being the net difference between the amount payable by Satyam to VGE for the book value of the shares of SVES (plus interest) and the amount payable by VGE to Satyam for the disgorgement of royalties paid to VGE by SVES (plus interest).

(Award at 24, Pet'r's Mot. Ex. 1.)

---

[1] "Beyond the provisions of [Rule 53] for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Schwimmer v. United States*, 232 F.2d 855, 865 (8th Cir. 1956) (quoting *In re Peterson*, 253 U.S. 300, 311 (1920)); *see also Reed v. Cleveland Bd. Of Educ.*, 607 F.2d 737, 746 (6th Cir. 1979) (stating that the authority to appoint "expert advisors or consultants" derives from either Rule 53 or the court's inherent power).

On April 14, 2006, Satyam initiated this action by filing a "Petition to Recognize and Enforce a Final, Binding Foreign Arbitration Award," and on April 28, 2006, VGE filed a "Cross-Petition to Refuse and Deny Recognition and Enforcement of Award Dated April 3, 2006 or Stay Enforcement." On August 1, 2006 the court entered a judgment recognizing and enforcing the Award in its entirety. (*See* 08/01/06 Judgment [Dkt. #30].) On the same day VGE filed its "Notice of Appeal." The court granted VGE's motion for a stay pending appeal with respect to the monetary portions of the award, but denied VGE's motion for a stay as to the parties' non-monetary obligations. (9/5/06 Order at 14.) The court ordered VGE to file a supersedeas bond and deliver its share certificates in SVES to Satyam within fourteen days. (*Id.* at 14-15.) The Sixth Circuit likewise denied VGE's motion for stay pending appeal, citing VGE's failure to demonstrate sufficient likelihood of success on the merits. (9/19/06 6th Cir. Order at 2.) On May 25, 2007, the Sixth Circuit affirmed the court's order enforcing the arbitration award. (5/25/07 6th Cir. Order at 12.)

On February 6, 1007, Satyam filed a motion for civil contempt against VGE, claiming that VGE had not delivered its share certificates in SVES to Satyam. (Pet'r's Mot.) VGE opposes the motion, contending that Satyam both grossly misrepresents the facts and ignores the steps VGE must take to effectuate the court's order under Indian law. (Resp't's Resp. at 1.) Satyam's reply accuses VGE of providing the court with "misstatements and half-truths" about the facts and Indian law. (Pet'r's Reply at 1.) Because of the complex facts and issues involved in this dispute, the court both allowed Satyam to file a lengthy reply brief and permitted VGE to file a sur-reply. In its sur-reply, VGE argues that it has and is doing all it can to transfer the SVES stock in accordance

3

with Indian law. (Resp't's Sur-reply at 5.) On April 2, 2007, Satyam filed a supplemental brief, without leave of the court, to purportedly update the court on VGE's continuing violation. (Pet'r's Supp. at 1.) VGE has sought leave to file a supplemental brief addressing Satyam's supplemental brief. (Resp't's Mot. at 2.)

Throughout their numerous and lengthy briefings and declarations, the parties contest whether VGE has in good faith taken the steps necessary under Indian law to transfer the SVES stock. The parties both dispute applicable Indian law and whether VGE's actions have been necessary to comply with Indian law. Due to the complexity of the issues involved in this dispute, and the significant time the court would need to invest to research and apply Indian law, the court and the parties agree that exceptional circumstances exist that make it advantageous to appoint a special master to both effectively and expeditiously assist the court in resolving this motion. *See* Fed. R. Civ. P. 53(a)(1).

## II. OBJECTIONS

### A. Fact-Finding

VGE's principal objection involves the provision that enables the special master to make proposed findings of fact. (Def.'s Obj. at 2-4.) VGE contends that the court does not have the power to make such an appointment because in doing so the court would inappropriately abdicate its judicial function. (*Id.* at 2.) VGE supports its argument by citing a number of cases restricting the court's ability to refer determination of the case's underlying merits to a special master over the parties' objections. (*See id.* at 2-3 (citing *La Buy v. Howe's Leather Co.*, 352 U.S. 249, 256 (1957); *Ingram v.*

*Richardson*, 471 F.2d 1268, 1271 (6th Cir. 1972); *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 439 (3rd Cir. 2005)).) These cases are inapposite. Despite VGE's protests to the contrary, the instant motion for civil contempt does not implicate the central merits of the case. The parties' underlying dispute regarding their obligations to one another was fully adjudicated in arbitration and the outcome of that proceeding was affirmed by both this court and the Sixth Circuit.

The only issue that remains before the court is one of compliance. Monitoring alleged non-compliance with the court's order is not only "an 'exceptional condition' that justifies reference to a master" under Rule 53, but it is also part of the "inherent power of the court to enforce its orders" under which the court's "reference to a master [is] proper." *Nat'l Org. for Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 542-43 (9th Cir. 1987). Fact-finding authority is properly part of a reference to monitor compliance of the court's order as long as the parties are afforded an opportunity to submit written objections to the master's proposed findings of fact. *Id.* at 545 (citing *Gary W. v. Louisiana*, 601 F.2d 240, 245 (5th Cir. 1979)).

Although VGE cites *United States v. Microsoft Corp.*, 147 F.3d 935 (D.C. Cir. 1998), for the proposition that it is improper for a court to appoint a special master to make findings of fact regarding whether a party violated the court's order, in that case the D.C. Circuit actually reaffirmed the "well-established tradition allowing use of special masters to oversee compliance," and only vacated the reference because in that case the issue was "interpretation [of the court's order], not compliance." *Id.* at 954. Here, court is referring the matter to the special master not to interpret the court's order to

5

transfer VGE's SVES shares to Satyam, but to evaluate VGE's claim that its failure to do so as of this date is due to procedural hurdles under Indian law and that VGE has taken all reasonable steps within its power to comply with the court's order.

Accordingly, the court rejects VGE's objection regarding the special master's ability to propose findings of fact. The proposed findings will be subject to the parties' objections, if any, and the court's *de novo* review.

### B. Federal Rule of Criminal Procedure 42

In its objections, VGE also claims that it is entitled to notice under Federal Rule of Criminal Procedure 42(a).[2] (Def.'s Obj. at 4-5.) As an initial matter, the only contempt proceeding at issue here is one for civil, not criminal contempt.

> The distinction between civil and criminal contempt lies in the purpose of the court's mandate. Civil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained. Criminal contempt sanctions, on the other hand, are imposed to vindicate the authority of the court by punishing past acts of disobedience.

*Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994) (citations omitted).

VGE's potentially contemptuous conduct is its admitted failure to transfer its SVES stock to Satyam, despite the court's order requiring VGE to do so on or before September 19, 2006. In its motion for civil contempt, Satyam's requested relief involves an order requiring VGE to take specific steps to comply with the court's order, ordering VGE to pay a daily fine until VGE fully complies with the court's order, placing VGE's sole owner in prison until VGE fully complies with the court's order and awarding

---

[2]VGE erroneously cites to subsection b, which, under the current version of the rules, pertains to summary dispositions.

6

Satyam its attorneys' fees in connection with the motion. Although Satyam requests, and the court is willing to consider, this serious relief, the relief requested is either contingent on VGE's continued violation of the court's order or compensatory, and is therefore civil in nature. *See Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 828 (1994) (stating that even imprisonment is civil in nature when "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus carries the keys of his prison in his own pocket").

The Supreme Court has stated that, unlike criminal contempt, civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Id.* at 827. And this civil contempt proceeding does not stem from a complex injunction. Rather, the order was simple, and it is VGE's own defense that gives rise to complexity here. The court therefore determines that an evidentiary hearing is appropriate to resolve VGE's defensive claims, and has through numerous conferences and orders provided VGE notice of (1) an intended hearing, (2) VGE's potentially contemptuous conduct and (3) that the court would at least consider all of the remedies raised in Satyam's motion. Accordingly, the court finds that VGE has been provided with adequate notice and the hearing is intended to provide VGE with an opportunity to be heard.

### C. Expertise and Experience

In its objections, VGE also objects to Professor Khanna specifically, contending that he has not demonstrated that he is an expert in Indian corporate law. The court

7

does not find VGE's objection meritorious. The court's review of Professor Khanna's experience leads the court to conclude that Professor Khanna is an expert in business law and Indian corporate jurisprudence. The court finds that he is more than competent to receive argument and write intelligently on the intersection of Indian corporate law with the court's order and on VGE's efforts thus far to comply with both.

### D. Communication

VGE objects to the *ex parte* communications provision and requests that the court prohibit the special matter from communicating *ex parte* with the parties on procedural or substantive issues. To the extent that VGE is requesting that the court prohibit any *ex parte* communications between the parties and the special master, the court rejects this objection. While it is essential for the special master to refrain from discussing the merits of the motion with either party on an *ex parte* basis, the court will not prohibit minor procedural inquiries such as requests for directions or contact information. To the extent that VGE is simply requesting that the court clarify that the parties are prohibited from speaking *ex parte* regarding procedural questions that implicate the merits of the motion, the court has modified the language in section III(B) to accommodate this concern.

### E. Compensation

VGE objects to the provision allocating to VGE 75% of the special master's fee, and claims that this pre-hearing allocation is in itself a criminal contempt penalty for failing to comply with the court's order. The court disagrees. This allocation is primarily based on the history of this case and not on the underlying merits of the contempt

8

proceeding. Furthermore, this allocation is expressly permitted by Rule 53(g)(3), which provides that "[t]he court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than the other parties for the reference to a master." Rule 53(g)(3) continues by noting that "[a]n interim allocation may be amended to reflect a decision on the merits." This provision implicitly authorizes an interim allocation such as the one VGE complains of here, and the court reserves the right, under this provision, to amend this allocation after a decision has been rendered on the merits.

Because this dispute is part of a multi-million dollar case and both corporate parties have the means to compensate the special master, the court's interim allocation is based primarily on the extent to which VGE is more responsible for the reference. *See* Fed. R. Civ. P. 53(g)(3). The court initially contemplated requiring VGE to pay the entire cost since VGE appears to this court as bearing the bulk of the responsibility for this voluminous and lengthy process that has led to this reference. VGE appears to the court as having extended the proceedings and has lost at every turn–at arbitration, before this court and before the court of appeals. Further, VGE admittedly has not fully complied with the court's order enforcing the arbitration award's directive to transfer the SVES stock *to Satyam*. These appear to be the principal reasons that this matter has not yet been concluded. It is VGE's burden to substantiate its claim that it "has followed to the letter the regulatory requirements in India, and has not delayed in doing so." (Resp't's Resp. at 2.) In making these findings concerning the division of special master costs, the court simultaneously recognizes that VGE may meet its burden to persuade

9

the master and this court that in fact it has acted appropriately in respect to the court's previous order(s).

## F. Scope

Finally, although Satyam did not submit any objections, in its response to VGE's objections Satyam requests that the court clarify that the parties should not be able to "introduce evidence on matters that have already been finally decided by the Court." (Pl.'s Resp. at 2.) The court agrees that the parties should not be permitted to re-litigate issues that have been previously been resolved in arbitration or in this court. The scope of the hearing is clarified as follows.

Because it is undisputed that Satyam does not currently have in its possession VGE's SVES stock, the court is inclined to find that Satyam has produced clear and convincing evidence that VGE has violated the court's orders requiring such a transfer. *See N.L.R.B., Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (requiring a movant to produce clear and convincing evidence that the opposing party "violated a definite and specific order of the court requiring him to perform from performing a particular act or acts with knowledge of the court's order"). It is now VGE's burden to show that it "is presently unable to comply with the court's order," *Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)), and that it "took all reasonable steps within [its] power to comply with the court's order," *id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

As stated above, VGE's potentially contemptuous conduct is its admitted failure to transfer its SVES stock to Satyam despite the court's order requiring VGE to do so on or before September 19, 2006. As the court understands VGE's argument, VGE contends that it is presently unable to transfer the SVES shares to Satyam due to procedural hurdles in Indian corporate law, and that VGE has taken all reasonable steps within its power to transfer the SVES shares to Satyam under the constraints of Indian law. Satyam appears to contest these representations, arguing that Indian law does not prohibit enforcement of the court's order and that VGE has been far less than diligent in its attempts at compliance.

The hearing should therefore focus on whether VGE can substantiate its claims, as stated above, that VGE has done everything in its power to expeditiously comply with the court's order and that Indian law, not VGE itself, is responsible for the fact that Satyam does not currently have all of VGE's SVES shares in its sole possession. To the extent that one of the parties attempts to re-litigate an issue previously decided by this court or the arbitrator, the other party may contest the introduction of that evidence or argument. The court suggests that both parties bring to the hearing all prior orders of the arbitrator and of this court to substantiate any objections to the admissibility of evidence or argument as an issue previously litigated. As stated below, the special master will have the authority to rule on the admissibility of evidence.

### III. RULE 53(B)(2)

Federal Rule of Civil Procedure 53(b)(2) requires an order of appointment to include certain contents. The following discussion sets forth the required contents.

11

## A. Duties

Rule 53(b)(2)(A) directs the court to set forth "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c)." The special master shall have the authority to perform the following duties regarding Satyam's motion for civil contempt:

1. review all documents previously submitted to the court;

2. schedule and conduct conferences, recorded or otherwise, with attorneys;

3. schedule and conduct a hearing on the motion, receive testimony and make rulings on issues whose resolution is reasonably necessary in furtherance of the hearing, including, but not limited to, evidentiary issues and compelling the production of documents or attendance;

4. order any additional briefing or argument that may be reasonably necessary;

5. review all evidence presented through the briefing and at the hearing and conduct additional research, if reasonably necessary;

6. make recommended findings of fact and conclusions of law regarding VGE's compliance with the court's orders;

7. make formal or informal reports or recommendations to the court regarding any matter pertinent to this motion;

8. regulate all proceedings and take all appropriate measures to perform the assigned duties fairly and efficiently.

## B. Communications

Rule 53(b)(2)(B) directs the court to set forth "the circumstances, if any, in which the master may communicate *ex parte* with the court or a party." The special master may communicate *ex parte* with the court regarding the substance of the motion only with the parties' consent. The special master may communicate *ex parte* with the court,

12

without providing notice to the parties, regarding logistics, the nature of his activities and other appropriate procedural matters.

The special master may communicate *ex parte* with any party or attorney regarding purely procedural issues such as logistics, as the special master deems appropriate. Such *ex parte* communications shall not, however, address the merits of any substantive issue.

### C. Record

Rule 53(b)(2)(C) states that the court must define "the nature of the materials to be preserved and filed as the record of the master's activities." The special master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. If the special master submits to the court a formal report or recommendation regarding any matter, the special master shall submit such report or recommendation in writing for electronic filing on the case docket. The special master need not preserve for the record any documents that are filed on the court's docket. All hearings conducted on the motion shall be conducted on the record before a court reporter.

### D. Review

Rule 53(b)(2)(D) directs the court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." The special master shall either (1) reduce any formal order, finding, report or recommendation in writing and file it electronically on the court's case docket or (2) issue any formal order, finding, report, or recommendation on the record, before a

court reporter.  Pursuant to Rule 53(f)(2), any party may file an objection to an order, finding, report or recommendation made by the special master within 14 calendar days of the date it was made.[3]  Failure to meet this deadline results in permanent waiver of any objection to the special master's orders, findings, reports or recommendations.  Absent timely objection, the orders, findings, reports and recommendations of the special master shall be deemed approved, accepted, and ordered by the court, unless the court explicitly states otherwise.

As provided in Rule 53(f), the court shall decide de novo all objections to findings of fact and conclusions of law made or recommended by the special master; the court will set aside a ruling by the special master on a procedural matter only for an abuse of discretion.  The court will retain the sole authority to issue final rulings on matters formally submitted for adjudication.

### E.  Compensation

Rule 53(b)(2)(E) states that the court must set forth "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)."  The special master shall be compensated at the rate of $600 per hour, with VGE bearing 75% of the cost and Satyam bearing 25% of the cost.  The special master may incur and bill such other

---

[3]Rule 53(g)(2) provides that parties may file objections "no later than 20 days from the time the master's order, report, or recommendations are served, unless the court sets a different time."  The court elects to set a period of fourteen calender days (not business days) in order to expedite the final resolution of matters formally reported upon the special master.  The court contemplates that motions for extensions of time to file any such objections will be denied unless substantial good cause is shown.  The special master may, however, provide in his order, finding, report or recommendation that the period for filing objections to that particular document is some period longer than fourteen calender days, if a longer period appears to the master to be warranted.

14

fees and expenses as may be reasonably necessary to fulfill his duties under this order, or such other orders as the court may issue. The special master shall not seek or obtain reimbursement or compensation for support personnel, absent approval by the court. The court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

Within 14 calender days of the date of this order, the parties shall remit to the special master an initial, one-time retainer of $10,000 ($7,500 by VGE and $2,500 by Satyam). The court will not order additional payments by the parties to the special master until the retainer is fully earned. Within 14 calender days of the special master's final report or recommendation, the special master shall submit to the court an itemized statement of fees and expenses. The court will review the itemized statement and order the parties to pay all outstanding fees and expenses that the court deems reasonable. The parties shall remit to the special master their share of any court-approved amount within 14 calender days of the court's order.

### F. Affidavit

Rule 53(b)(3) provides that the court may enter an order appointing a special master "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455." *See also* Fed. R. Civ. P. 53(a)(2) (discussing grounds for disqualification). Attached to this order is the disclosure affidavit earlier submitted to the court by the special master.

## G. Cooperation

The special master shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c), the special master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." As an agent and officer of the court, the special master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions. *See Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454-55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a special master). The parties shall make readily available to the special master any and all facilities, files, databases, and documents that are reasonably necessary to fulfill the special master's functions under this order.

## IV. CONCLUSION

IT IS ORDERED that the court appoints as a special master Professor Vikramaditya S. Khanna, (617-784-3647), 625 South State Street, 941 Legal Research, Ann Arbor, MI 48109-1215.

IT IS FURTHER ORDERED that VGE's "Objection, in Part, to Notice of Intended Appointment of Special Master" [Dkt. # 67] is DENIED.

IT IS FURTHER ORDERED that VGE's "Request for Entry of Ex Parte Order Permitting Filing of Additional Documents and Brief Pursuant to LR 7.1(f)" [Dkt. # 63] is DENIED WITHOUT PREJUDICE. Any further evidence or argument may be presented to the special master at the hearing.

IT IS FURTHER ORDERED that the special master will conduct a telephone conference on **June 22, 2007 at 11:00 a.m.** to schedule a hearing date. VGE must initiate the conference call. Professor Khanna can be reached at 617-784-3647.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: June 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522